CHALFANT, COX & CO. *v.* J. M. GRANT *et als.*

PARTNERSHIP. *Assets. Creditors. Homestead.* The creditors of a firm have the right to follow the firm assets into land bought with the purchase money of other land in which the assets were first invested, and the partner making the investment cannot claim a homestead exemption in such land as against the firm creditors.

---

FROM M'MINN.

---

Appeal from the Chancery Court at Athens. W. M. BRADFORD, Ch.

W. L. HARBISON for complainants.

J. H. GAUT for defendants.

COOPER, J., delivered the opinion of the court.

The defendants, J. M. Grant and his two sons, were partners in business as merchants, and failing, sold their stock of goods, receiving in part payment a house and lot, and J. M. Grant occupied the premises with his family. Two years afterwards he sold and conveyed this property, his wife joining in the deed on the express agreement that the proceeds of sale, $900, should be used in purchasing a home in the country for the family. The place in controversy was accordingly bought, and paid for with the money, the title being taken in the name of the wife. The complainants are

Chalfant, Cox & Co. *v.* Grant.

judgment creditors of the firm, and seek to reach the land for the payment of their debts.

The house and lot having been bought with partnership assets, it is not disputed that the complainants would have the right to follow those assets into the property. It is argued, however, that the right goes no further, and that the creditors could neither reach the money arising from the sale of the lot, nor the land purchased therewith. In support of this position, *Tubb* v. *Williams,* 7 Hum., 367, is relied on. But if the language of the learned Judge in that case was ever intended to convey such a meaning, which may be doubted, it has been expressly overruled in *Lazell* v. *Powell,* Thomp. Cases, 198. And since the act of 1832, ch. 11, (Code, sections 4282–4287), stocks, choses in action and money due, may be reached in equity by judgment creditors, and, of course, property in which the money may be invested. And we have held at this term that there is no right of homestead in partnership property.

Affirm the decree with costs.